**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Olivia Lockhart,<br>Plaintiff,<br>v.<br>Frank Bisignano, et al.,<br>Defendants. | No. CV-22-01911-PHX-MBM<br>**ORDER** |

Before the Court is Defendant's Motion to Reconsider ("Motion") (Doc. 96), which is fully briefed (Docs. 100, 103). Defendant argues the Court erred in denying summary judgment on Plaintiff's disability-based constructive discharge claim. (Doc. 96 at 2-3.) Because Defendant does not make the requisite showing for reconsideration, his Motion will be denied.

"Motions for reconsideration should be granted only in rare circumstances." *Cromwell v. Thornell*, 817 F.Supp.3d 809, 811 (D. Ariz. 2026). "They should not be used to ask a court to rethink what the court had already thought—rightly or wrongly. Nor may they be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation[.]" *Id.* (citation modified). As provided in the Court's Local Rules of Practice and Procedure, motions for reconsideration will ordinary be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Defendant's Motion does not meet the high bar for reconsideration because it attempts to raise a new argument that Defendant could have made in his Motion for Partial Summary Judgment (Doc. 82).

The instant Motion argues Plaintiff's constructive discharge claims, including her disability-based claim, are untimely because Plaintiff did not file them within 90 days of the Equal Employment Opportunity Commission's ("EEOC") March 13, 2020, decision. (Doc. 96 at 2-3.) In his Motion for Partial Summary Judgment, Defendant argued Plaintiff failed to exhaust her administrative remedies because she withdrew her constructive discharge claims from consideration before the Merit Systems Protection Board. (Doc. 82 at 11-12.) Defendant's new timeliness argument is not the same as his prior exhaustion argument and the Court did not err in failing to grant summary judgment on timeliness grounds when Defendant only presented the exhaustion argument. Defendant's Motion therefore does not satisfy the "manifest error" prong of LRCiv 7.2(g)(1).

Defendant's Motion also does not satisfy the second prong of LRCiv 7.2(g)(1). The facts upon which the timeliness argument relies—namely, the substance and timing of Plaintiff's EEOC proceedings between 2019 and 2022—are not new, nor is the legal authority cited in Defendant's Motion and Reply (Doc. 103). Defendant could have raised the timeliness argument as an alternate basis for summary judgment in his Motion for Partial Summary Judgment. He did not.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider (Doc. 96) is **DENIED**.

Dated this 4th day of September, 2026.

Honorable M. Bridget Minder
United States Magistrate Judge